**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No.: 1:24-cv-21749-DPG

NATIONAL FAIR HOUSING ALLIANCE,
INC., et al.,

      Plaintiffs,

v.

J. ALEX KELLY, in his official capacity as
Secretary of Commerce, et al.

      Defendants.

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER,
OR, IN THE ALTERNATIVE, TO STAY PENDING
RELATED ELEVENTH CIRCUIT APPEAL**

Plaintiffs hereby submit this brief in opposition to Defendants' Motion to Transfer, or, in the Alternative, to Stay Pending Related Eleventh Circuit Appeal, Dkt. No. 54 ("Motion to Transfer"). Defendants' Motion should be denied. This case and the matter pending in the Eleventh Circuit on appeal from a denial of a motion for preliminary injunction (*Shen v. Simpson*, No. 23-12737 (11th Cir.)) do not substantially overlap in parties or substance. Accordingly, transfer under the so-called "first-filed" rule is not justified. Further, 28 U.S.C. § 1404(a) does not provide a basis for transfer to the Northern District. The Northern District is not more convenient for most parties and witnesses and the interests of justice do not support disturbing Plaintiffs' choice of this forum. The challenged law applies with the same force to Plaintiffs in Miami as it does in any other jurisdiction in the state.

Finally, an indeterminate stay pending the Eleventh Circuit's eventual ruling on the preliminary injunction in *Shen* would prejudice Plaintiffs with unwarranted delay and not resolve or clarify any issues in this case. In fact, an Eleventh Circuit decision on a preliminary injunction ruling will not finally resolve any issue, and none of the limited potentially overlapping matters in the two cases were directly implicated by the district court's ruling or the Eleventh Circuit's preliminary treatment of the appeal.

## I.     The First-Filed Rule Does Not Apply to this Litigation.

Contrary to Defendants' assertions, the first-filed rule does not apply to this litigation. In *Shen v. Simpson*, an unrelated set of plaintiffs representing different interests brought separate legal claims in the Northern District challenging different portions of SB 264. The separate parties, facts, legal claims, and issues that form the bases of the two cases demonstrate that there is insufficient overlap between the two matters to justify transfer under the first-filed rule.

### A.  Legal Standard

The first-filed rule applies only if parties file two parallel or competing cases whose overlap is "substantial," and a mere "relationship" between two cases is insufficient to support a transfer pursuant to the first-filed rule. *Joseph v. Signal Int'l L.L.C.*, No. 1:13-CV-324, 2014 WL 12597398, at *3 (E.D. Tex. July 15, 2014); *Buckalew v. Celanese, Ltd.*, CIV. A. No. G-05-315, 2005 WL 2266619, at *2 (S.D. Tex. Sept. 16, 2005).

To determine whether a substantial overlap exists, courts within this Circuit consider: (1) the chronology of the two actions; (2) the identity of the parties involved; and (3) the similarity of the issues. *Schwanke v. JB Med. Management Solutions, Inc.*, No. 5:16-cv-597-Oc-30PRL, 2017 WL 78727, at *2 (M.D. Fla. Jan. 9, 2017); *Williams v. Bluestem Brands, Inc.*, No. 8:17-CV-1971-T-27AAS, 2018 WL 2426644, at *1 (M.D. Fla. May 30, 2018) (quoting *Alltrade, Inc. v. Uniqueld Products, Inc.*, 946 F.2d 622, 625–26 (9th Cir. 1991)); *see also Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 79 (11th Cir. 2013) ("A first-filed analysis looks to the character of the suits and the parties to the suits, not simply to the similarity of issues without regard to the identity of the parties asserting them and their asserted rights as presented in the initial lawsuit.").

When the issues and parties between two cases are not identical, the second court has considerable discretion as to whether the rule applies. *Ruth v. AT&T Corp.*, No. 08-AR-0624-S, 2008 WL 11411395, at *2 (N.D. Ala. July 24, 2008) ("[W]hen the issues and parties are not identical, transfer based on the rule is within the discretion of the second-filed court and is evaluated on a case-by-case basis."); *Hernandez v. Cracker Barrel Old Country Store, Inc.*, No. 8:14-cv-1902-T-33AEP, 2014 WL 5175715, at *2 (Oct. 14, 2014); *Allstate Ins. Co. v. Clohessy*, 9 F. Supp. 2d 1314, 1316 (M.D. Fla. 1998); *In re Telebrands Corp.*, 773 F. App'x 600, 602 (Fed.

Cir. 2016); *see also United States v. 22.58 Acres of Land, More or Less, Situated in Montgomery County, Ala.*, No. 2:08-CV-180-MEF, 2010 WL 431254, *5 (M.D. Ala. 2010) ("[T]he first-filed rule should not be applied too rigidly or mechanically and a [d]istrict [c]ourt may in its discretion decline to follow the first-filed rule if following it would frustrate rather than further these purposes." (citing *Alltrade, Inc.*, 946 F.2d at 628).

### B. The Parties Do Not Substantially Overlap

Transfer under the first-filed rule would be inappropriate here because there is not a substantial overlap between the parties in this litigation and the parties in *Shen*. Indeed, there is *no* overlap among the plaintiffs in the two cases and only two, of twenty-five, overlapping defendants. Here, the Plaintiffs are: (1) three fair housing organizations whose missions include promoting homeownership free from discrimination—the National Fair Housing Alliance ("NFHA"), Housing Opportunities Project for Excellence, Inc. ("HOPE"), and the Fair Housing Center of the Greater Palm Beaches ("FHCOGPB"); (2) an organization of real estate professionals dedicated to improving the lives of Asian American and Pacific Islander community members through homeownership—the Asian Real Estate Association of America ("AREAA"); (3) and a real estate organization that has suffered specific direct harm as a result of SB 264—King Realty Advisors LLC. In contrast, the plaintiffs in *Shen* are four individuals whose ownership or planned ownership of specific homes may be disrupted by SB 264 and a different real estate company that describes potential harms it may suffer as a result of SB 264. Ex. A, *Shen* First Amended Complaint at ¶¶ 63–75.

Furthermore, the two defendants named in both cases are relevant to a small fraction of the scope of Plaintiffs' challenge. Crucially, those defendants, the Chair of the Florida Real Estate

Commission and the Florida Secretary of Commerce,[1] have no responsibility for criminal penalties under SB 264, the law's primary means of enforcement.

The existence of two shared defendants is insufficient for the first-filed rule to apply. Numerous district courts have determined that partial overlap of even multiple defendants is insufficient to establish "substantial overlap" of the parties when plaintiffs do not overlap at all. *Parnell by & through Donovan Doe v. Sch. Bd. of Lake Cnty., Fla.*, No. 5:23-CV-381-BJD-PRL, 2023 WL 6292347, at *2 (M.D. Fla. July 7, 2023) (concluding the first-filed rule did not apply, despite partial overlap of defendants, because "[n]o other party is the same between the two cases"); *Norwegian Cruise Line Holdings, Ltd. v. Rivkees*, No. 21-22492-CIV, 2021 WL 8362398, at *2–3 (S.D. Fla. Aug. 8, 2021) ("Although the Defendant here and the plaintiff there share a provenance—Florida—the parties do not substantially overlap."); *Schwanke*, 2017 WL 78727, at *3; *see also Young v. Trump*, 506 F. Supp. 3d 921, 933–34 (N.D. Cal. 2020); *Abrahams v. Hard Drive Prods., Inc.*, No. C-12-01006 JCS, 2012 WL 1945493, at *7 (N.D. Cal. May 30, 2012) ("Defendant has cited to no case, and the Court is aware of none, supporting the proposition that Defendant's presence in both actions alone satisfies the requirement that the parties be substantially similar." (emphasis removed)). This is true even when, unlike in this case, the issues overlap entirely. *Quinteros v. Dyncorp Aerospace Operations LLC*, No. 06-61760-CIV, 2007 WL 9700783, at *3 (S.D. Fla. May 23, 2007).

The plaintiffs in the two cases are also different. That difference is not limited merely to their names and identities. The relevant substantive interests of the plaintiffs also differ. Four of

---

[1] The *Shen* plaintiffs sued Meredith Ivey in her official capacity as then-Acting Florida Secretary of Economic Opportunity. On July 1, 2023, the Department of Economic Opportunity was renamed the Florida Department of Commerce and J. Alex Kelly is the current Florida Secretary of Commerce.

the five Plaintiffs in this litigation are nonprofit organizations, which have missions that include helping ensure the availability of homeownership opportunities free from discrimination. As such, these organizations serve a broad range of constituents, including prospective homebuyers from all seven countries targeted by SB 264. In contrast, the *Shen* plaintiffs are primarily individuals from China on nonimmigrant U.S. visas who own or seek to purchase specific parcels of property in the state of Florida. While the focus of Plaintiffs here will be the overall impact of SB 264 on the broad constituencies they serve, the focus of the *Shen* individual plaintiffs will necessarily be SB 264's specific impact on them as Chinese immigrants and the four homes they own or seek to purchase. The substantive issues raised and the relief sought by the two sets of plaintiffs will be dissimilar and the courts will be presented with different issues and requests.

Contrary to Defendants' assertions, a general similarity between the subject matter of the actions cannot justify application of the first-filed rule when the parties are so dissimilar. Indeed, the Eleventh Circuit expressly rejected this approach in the very case Defendants use to present the standard for the first-filed rule. *See* Motion to Transfer at 8. In that case, the Eleventh Circuit concluded that "[a] first-filed analysis looks to the character of the suits and the parties to the suits, not simply to the similarity of issues without regard to the identity of the parties asserting them and their asserted rights as presented in the initial lawsuit." *Collegiate Licensing Co.*, 713 F.3d at 79. Accordingly, the dissimilarity of parties between the two cases is alone sufficient to deny Defendants' motion to transfer under the first-filed rule.

### C.  The Issues Do Not Substantially Overlap

This Court should also deny the Motion to Transfer because the issues in this litigation and in *Shen* do not substantially overlap. As a general matter, the fact that the two sets of plaintiffs have brought different claims weighs heavily against application of the first-filed rule. *See, e.g.*,

*Vestagen Protective Techs., Inc. v. Beyer*, No. 617CV494ORL40KRS, 2017 WL 11725808, at *2 (M.D. Fla. July 13, 2017); *Kambala v. Signal Int'l L.L.C.*, No. 1:13-CV-497, 2014 WL 11512236, at *3 (E.D. Tex. July 16, 2014) ("The instant suit and *David* are related to the extent that all of the claims asserted in this suit are also asserted by the different *David* Plaintiffs. However, there is not substantial overlap among the claims in both suits.").

The claims raised here differ significantly from those raised in *Shen* in terms of the causes of action, the portions of the statute challenged, and the theories advanced. In *Shen*, the plaintiffs brought a procedural due process claim, an equal protection claim, limited Fair Housing Act (FHA) claims, and a preemption claim. They challenge the entire law, including the provisions that apply only to agricultural land. *See, e.g.*, Ex. A, at ¶¶ 96, 105.

In contrast, Plaintiffs here have primarily brought claims under the Fair Housing Act, as well as two state law claims, and do *not* bring equal protection, procedural due process, or preemption claims. Plaintiffs' FHA claims are explicitly based on theories of disparate impact and disparate treatment. Dkt. No. 1 at ¶¶ 257, 264–5 (disparate treatment), 259, 267 (disparate impact), while the *Shen* complaint focuses on disparate treatment, *see* Ex. A, at ¶¶ 120(c), 121. Moreover, Plaintiffs have unique claims under 42 U.S.C. §§ 3604(c) and 3617, alleging that defendants made discriminatory statements and have interfered with Plaintiffs' fair housing rights. In contrast, the *Shen* plaintiffs focus their FHA challenge on 3604(a). *See* Ex. B, *Shen* Plaintiffs' Corrected Emergency Motion for Preliminary Injunction at 25 ("*Shen* PI Motion"). Finally, Plaintiffs do not challenge SB 264's agricultural provisions. Dkt. No. 1 at ¶ 1.

Although both cases do challenge the legality of SB 264, the mere fact that lawsuits challenge the same law or policy or seek the same relief is not dispositive of the transfer question. *See, e.g.*, *Parnell*, 2023 WL 6292347, at *2; *Young*, 506 F. Supp. 3d at 933–34; *Lexington Ins. Co.*

*v. Proformance Plastering of Pensacola, Inc.*, No. 613CV904ORL22TBS, 2013 WL 12155502, at

*1 (M.D. Fla. Oct. 9, 2013) ("substantial overlap requires finding more than that the suits seek the

same relief").

The substantive differences between the two cases necessarily mean that the cases will

require different factual and legal development and ultimately present different factual and legal

questions. For example, Plaintiffs in this litigation will need to develop facts related to both the

discriminatory intent and disparate impact of SB 264 and to the fact the law violates the FHA

under the legal standard for proving discriminatory statements and interference with rights

guaranteed by the FHA. Additionally, Plaintiffs will have to further develop facts related to the

discriminatory impact of SB 264 on individuals from all seven targeted countries. These facts and

legal issues are irrelevant to the *Shen* claims. *Compare, e.g.*, Dkt. No. 1 ¶¶ 120, 132, 149, *with* Ex.

A. ¶¶ 60, 62. In contrast, the *Shen* plaintiffs will need to develop facts and apply them to the law

related to the intent of the agricultural provisions and their procedural due process and preemption

claims.

In their Motion to Transfer, Defendants assert that the "central issue" in both cases is

whether SB 264 discriminates on the basis of national origin under the Fair Housing Act. Dkt. No.

54 at 11. A review of the *Shen* complaint and the briefing on the motion for a preliminary

injunction demonstrates that this characterization is incorrect. By way of example, the *Shen*

plaintiffs' motion for a preliminary injunction devoted a small percentage of argument on the

question of whether SB 264 violates § 3604(a) of the FHA, spending the majority of its briefing

arguing that SB 264 is preempted by federal law and violates their procedural due process rights.

*See generally* Ex. B. The clear focus of the *Shen* complaint and basis for relief are their preemption

and due process claims. Moreover, Plaintiffs here, in contrast to *Shen*, allege that SB 264 violates

the right to property guaranteed by the Florida constitution, which requires no showing of discrimination at all, whether in intent or outcome.

Although there may be some overlapping factual and legal issues, that minimal overlap is not sufficient for application of the first-filed rule. *Norwegian Cruise Line Holdings, Ltd.*, 2021 WL 8362398, at *2–3 ("Defendant admits that 'the parties and issues in the two suits do not overlap entirely.' Thus, this factor does not weigh in favor of applying the rule."); *In re Telebrands Corp.*, 773 F. App'x 600, 603 (Fed. Cir. 2016) (noting that "the Texas case would not require the court to determine most, if not all, of the issues present in the New Jersey action" and determining the overlap was not substantial).

* * *

The absence of overlap between the parties in this case and *Shen* as well as differences in the legal claims demands a finding that the cases are not sufficiently related to justify transfer under the first-filed rule.

## II. This Court Should Not Transfer this Case Pursuant to § 1404.

The Court should also reject Defendants' request to transfer this case pursuant to the Court's discretionary authority under 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses [and] in the interest of justice." Defendants cannot show that the relevant factors justify such a transfer.

### A. Legal Standard

As a benchmark for the analysis, "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (citation omitted). Those other considerations for a §1404 transfer are: "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative

ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Gubarev v. Buzzfeed, Inc.*, 253 F. Supp. 3d 1149, 1163 (S.D. Fla. 2017).

The moving party bears the burden of demonstrating that transfer of venue is proper. *Central Money Mortgage Co., Inc. vs. Holman,* 122 F. Supp. 2d 1345, 1346 (M.D.Fla.2000). A district court has broad discretion in determining whether to transfer a case to another district pursuant to § 1404(a). *See Thermal Technologies, Inc., v. Dade Serv. Corp.*, 282 F. Supp. 2d 1373, 1375 (S.D. Fla. 2003).

### B.  Defendants Fail to Establish Transfer is Proper Under the § 1404 Factors

Defendants have not met, and cannot meet, their burden of showing the Plaintiffs' choice of venue is "clearly outweighed" by other considerations.

### 1.    Convenience of the Witnesses

"The most important factor under §1404(a) is the convenience of witnesses, and the moving party must make a specific showing of inconvenience to witnesses." *Collegiate Licensing Co. v. Am. Cas. Co. of Reading*, 842 F. Supp. 2d 1360, 1366 (N.D. Ga. 2012) (citation omitted). To make this showing, Defendants must provide, at a minimum:

> a list of the key witnesses and where they reside; (b) a summary of their testimony; (c) a statement as to why their testimony is material; (d) the specific nature and extent of the inconvenience faced by the respective witnesses; (e) how transfer to the preferred forum would ameliorate the witnesses' inconvenience; (f) whether the witnesses can be compelled to testify in the current and preferred fora; (g) whether some other mechanism—such as videotaped deposition testimony—could be utilized instead; and (h) whether a transfer to the movant's preferred district or division would create substantial inconvenience for other key witnesses.

*Combs v. Fla. Dep't of Corr.*, 461 F. Supp. 3d 1203, 1209 (N.D. Fla. 2020).

Defendants have not even attempted to make this showing. Instead, Defendants have relied on generalized assertions regarding the location of "witnesses" that actually relate to officials and employees of the state of Florida who are properly considered party witnesses. The weight accorded to the location of witnesses is limited when the witnesses are employees of a party. Their convenience "is entitled to less weight because the respective party will be able to compel their attendance and testimony at trial." *Combs*, 461 F. Supp. 3d at 1208; *see also Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media, Inc.*, 761 F. Supp. 2d 1322, 1327 (M.D. Fla. 2010) ("those closely aligned with a party ... are presumed to be more willing to testify in a different forum."). Moreover, most fact witnesses will likely be members of the Florida legislature and members of their staff, who maintain residences and offices throughout the state, including in the Southern District.

Ultimately, Defendants' "vague statements about the convenience of unknown and unnamed witnesses [are] insufficient" to justify a transfer. *Combs*, 461 F. Supp. 3d at 1209 (quoting *Smith v. Colonial Penn Ins. Co.*, 943 F. Supp. 782, 784 (S.D. Tex. 1996)). Thus, the convenience of witnesses factor does not support transfer.

2.    *The Location of Relevant Documents*

Defendants claim that the "location of relevant documents" factor weighs in favor of transfer because most documents will be located in Tallahassee. Dkt. No. 54 at 14. But Plaintiffs have named as defendants 20 State Attorneys, who have offices throughout the state, outside of Tallahassee.

Even if Defendants' assumption were correct, it would be irrelevant. Since the advent of electronic discovery, "most courts have recognized that the physical location of relevant

documents is no longer a significant factor in the transfer inquiry." *Trans Am Worldwide v. JP Superior Sols., LLC*, No. 4:17cv560-MS/CAS, 2018 WL 3090394, at *9 (N.D. Fla. Apr. 30, 2018); *Harvard v. Inch*, 408 F. Supp. 3d 1255, 1264 (N.D. Fla. 2019); *Weintraub v. Advanced Corr. Healthcare, Inc.*, 161 F. Supp. 3d 1272, 1283 (N.D. Ga. 2015). Because the parties will presumably produce documents in electronic form, regardless of where any existing paper copies or databases are physically stored, this Court should give this factor minimal weight.

       3.     *Convenience of the Parties*

The "convenience of the parties" factor involves the "appearance of employees at court, and, to some extent, the appearance of counsel." *Trinity Christian Ctr. of Santa Ana, Inc.*, 761 F. Supp. 2d at 1328. Here, multiple plaintiffs are located within the Southern District and Plaintiffs as a group chose the Southern District as their preferred and convenient forum. Even if appearing in the Northern District would be more convenient for Defendants, it is less convenient for the Plaintiffs. Section 1404 is not a mechanism to merely reallocate burdens among parties. *Combs*, 461 F. Supp. 3d at 1211 (quoting *Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) ("[M]erely shifting inconvenience from one party to another is not a sufficient basis for transfer.")). Accordingly, the competing interests of the proceeding in the Southern District or the Northern District is not a basis for transferring from Plaintiffs' chosen forum.

       4.     *The Locus of Operative Facts*

In their Motion to Transfer, Defendants assume that the locus of operative facts was in the Northern District because the legislators cast their votes for or against SB 264 in Tallahassee. However, in cases involving a challenge to a statewide policy, the locus of operative facts may occur where the defendant created the policy, or it may be where the policy was or would be

11

applied to plaintiffs. *See, e.g., Combs*, 461 F. Supp. 3d at 1211–12. Where there are or may be multiple loci of operative facts, courts treat this as a neutral factor. *See, e.g., Gubarev*, 253 F. Supp. 3d at 1166. Here, the operative facts extend far beyond the creation of SB 264 and to other places in the State where the policy is applied. HOPE and FHCOGPB are harmed where the policy is applied in their service areas—within the Southern District—and interferes with their missions to promote homeownership in the area free from discrimination. NFHA and AAREA's missions are impaired throughout the State, including in the Southern District. SB 264 also affects plaintiff King Realty's operations throughout the state, including its office in Fort Lauderdale, also located in the Southern District. Accordingly, Plaintiffs' challenge to SB 264 involves multiple loci of operative facts, including within Plaintiffs' chosen forum, making "the locus of operative facts" a "neutral" factor at best, which does not support transfer. *Combs*, 461 F. Supp. 3d at 1211.

     *5.*     *The Availability of Process to Compel the Attendance of Unwilling Witnesses*

As Defendants concede, the availability of process does not support a § 1404 transfer in this matter.

     *6.*     *The Relative Means of the Parties*

The relative means of the parties weighs heavily in favor of keeping the case in Miami. Two Plaintiffs, FHCOGPB and HOPE, are small nonprofits based in south Florida with few employees and limited budgets. The cost of travel to Tallahassee for their representatives to testify at trial, let alone the cost for Plaintiffs' representatives to attend the full length of the trial, would represent a major financial burden on these Plaintiffs.

In contrast, the state of Florida is a well-funded state government. Defendants' claim that the relative means factor is neutral because Plaintiffs receive federal funding is baseless. Even with federal funding—and the source of their funding has no relevance here—the two Florida fair

housing organizations' budgets are in the hundreds of thousands of dollars while the Florida state government has a budget of $116.5 billion.

       *7.*      *A Forum's Familiarity with the Governing Law*

Defendants place significant emphasis on the supposedly superior expertise of the Northern District. But "[a] forum's familiarity with the governing law is one of the least important factors in determining a motion to transfer, especially where no complex questions of foreign law are involved." *United States ex rel. Fla. v. ApolloMD Inc.*, No. 1:17-CV-20012-KMW, 2020 WL 10181736, at *8 (S.D. Fla. Aug. 3, 2020); *Clinton v. Security Benefit Life Insurance Company*, No. 19-24803-CIV, 2020 WL 6120565, at *7 (S.D. Fla. June 29, 2020).

Here, the supposed superior familiarity of the Northern District is marginal, to the extent it exists at all. As an initial matter, Defendants presuppose that, if transferred to the Northern District, this case would be consolidated with *Shen*—an issue that is not before this Court and that this Court lacks the power to decide. *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (describing standard for determining whether to consolidate cases). Aside from Judge Winsor, no judge in the Northern District has *any* experience with SB 264 and thus the district as a whole does not have greater expertise. Moreover, although *Shen* was filed in May 2023, the only substantive issue that Judge Winsor has addressed is the *Shen* plaintiffs' motion for a preliminary injunction. Ex. C, *Shen* Docket. Any expertise the *Shen* court has developed is marginal and this Court could readily familiarize itself if the issues presented in this case. *See LSSi Data Corp. v. Time Warner Cable Inc.*, No. 1:11-CV-2178-CAP, 2011 WL 13551828, at *4 (N.D. Ga. Nov. 1, 2011) (giving little weight to the alleged expertise of a court that had decided only motion for a preliminary injunction that was immediately appealed).

8.      *The Weight Accorded a Plaintiff's Choice of Forum*

The weight accorded Plaintiffs' choice of forum plainly weighs in favor of not transferring the case. The Eleventh Circuit has clearly stated that a "plaintiff's choice of forum should not be disturbed unless it is *clearly outweighed* by other considerations." *Robinson*, 74 F.3d at 260 (emphasis added) (citing *Howell*, 650 F.2d at 616); *see also Wilson v. Island Seas Invs., Ltd.*, 590 F.3d 1264, 1269 (11th Cir. 2009) ("A plaintiff's choice of forum is entitled to deference, and there is a presumption in favor of a plaintiff's choice of forum, particularly where the plaintiffs are citizens of the United States."); *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1101–03 (11th Cir. 2004) (reversing a district court for failing to afford any deference whatsoever to the plaintiff's choice of forum). While Defendants attempt to minimize this factor on the ground that some plaintiffs do not reside in the Southern District, they ignore that a majority of Plaintiffs—FHCGPB, HOPE, and King Realty— *do* reside in the Southern District and that *no* Plaintiff resides in the Northern District of Florida at all.[2]

9.      *Trial efficiency and the interests of justice, based on the totality of the circumstances*

The interests of justice weigh in favor of this Court retaining jurisdiction over this case. Currently, the *Shen* litigation is stayed pending a decision from the Eleventh Circuit regarding the *Shen* plaintiffs' motion for a preliminary injunction. If this case is transferred to the Northern District, presumably—and, based on the representations made in the instant motion, more than likely—Defendants will move to consolidate this case with *Shen*. In that case, Plaintiffs would likely be subject to that stay even though they did not participate in arguments regarding the propriety of a stay and their particular rights and interests were not represented by the *Shen*

---

[2] Contrary to Defendants' apparent assumptions, King Realty maintains an office in Fort Lauderdale and several of its co-owners reside in the Southern District.

plaintiffs. Plaintiffs will be prejudiced by being forced to delay the pursuit of their rights for an unknown period of time, even as SB 264 continues to harm them.

**III.    Defendants' Alternative Request to Stay the Matter Should be Denied.**

The Court should deny Defendants' alternative request to stay the matter pending the Eleventh Circuit's decision in the *Shen* case. The undetermined, yet undoubtedly lengthy, stay would prejudice Plaintiffs and their interests. At the same time, the stay would accomplish little to nothing. At most, the Eleventh Circuit would make a non-final ruling on adjacent, yet different, issues raised by different parties. It will not clarify or streamline this matter in any demonstrable way.

**A.  Legal Standard**

In their discretion, courts typically consider three factors when considering a request to stay a matter: (1) whether there would be undue "prejudice to the non-moving party" if the stay is granted; (2) whether the requested stay would "simplify and clarify the issues"; and (3) whether a stay would "reduce the burden of litigation on the parties and on the court." *Garcia v. Acosta Tractors Inc.*, No. 12-21111-CIV, 2017 WL 4169670, at *4 (S.D. Fla. Sept. 20, 2017).[3] Courts have also exercised their discretion to stay a matter pending a decision in another case where the decision would "have a substantial or controlling effect on the claims and issues." *Id.* (quoting *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009)).

---

[3] Defendants misstate the standard typically used in determining whether to grant a stay pending resolution of a different case. *See* Motion to Tranfser at 17. The standard Defendants invoke— "good cause and reasonableness," *id.*—in fact relates to whether a stay of discovery should be granted pending the resolution of a motion to dismiss. *See, e.g.*, *Cuhaci v. Kouri Grp., LP*, 540 F. Supp. 3d 1184, 1186 (S.D. Fla. 2021) ("The party moving for a stay of discovery has "the burden of showing good cause and reasonableness."). That scenario is not present here as Defendants have not yet filed a motion to dismiss.

**B.   There is No Basis to Say the Litigation.**

*1.     A Stay Would Prejudice Plaintiffs*

The potential prejudice suffered by the non-moving party is a "most important consideration" in determining whether to grant a stay. *See, e.g., Eldridge v. Cabela's Inc.*, No. 3:16-CV-536-DJH, 2017 WL 4364205, at *2 (W.D. Ky. Sept. 29, 2017) (quoting *Int'l Bhd. of Elec. Workers, Loc. Union No. 2020, AFL-CIO v. AT&T Network Sys. (Columbia Works)*, 879 F.2d 864 (6th Cir. 1989)). Here, a stay would prejudice Plaintiffs because it would postpone the relief they seek and because the delay would lead to tactical disadvantage. Even short delays, and particularly delays that are indeterminate because they await a decision by another court or agency, are sufficient grounds to deny a stay. *See, e.g., Garmendiz v. Capio Partners, LLC*, No. 817CV00987EAKAAS, 2017 WL 3208621, at *2 (M.D. Fla. July 26, 2017) (denying stay pending court of appeals decision because of the uncertainty regarding when the appeals court would rule and the possibly of further en banc or writ of certiorari proceedings); *Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.*, No. 6:12-CV-1727-ORL-37, 2013 WL 1969247, at *3 (M.D. Fla. May 13, 2013) (finding that a delay of at least six months pending a US Patent and Trademark Office review would "present a clear tactical disadvantage" to plaintiff); *Kennedy v. Del Viso, LLC*, No. 15-80699-CIV, 2015 WL 13554981, at *2 (S.D. Fla. Sept. 11, 2015) (denying motion to stay in ADA suit where defendant sought to work with to bring the subject property into ADA compliance).

Any undue delay in Plaintiffs' ability to obtain the relief they seek would substantially prejudice them: SB 264 remains in effect,[4] and as a result Plaintiffs will continue to be harmed by its effects if they are unable to proceed with this action. Plaintiffs are organizations and individuals

---

[4] Two *Shen* plaintiffs have obtained an injunction against enforcement of SB 264, but it applies only to them. 2024 U.S. App. LEXIS 2346, at *4.

who have already suffered harm from SB 264. *Cf. Rogers v. Windmill Pointe Vill. Club Ass'n*, 967 F.2d 525, 528 (11th Cir. 1992) ("[I]rreparable injury may be presumed from the fact of discrimination and violation of fair housing statutes"). The organizations have had, and continue to have, their missions impaired and have been compelled to divert resources to identify and counteract the adverse effects of SB 264, Dkt No. 1 ¶¶ 13–17, 213–233; Plaintiff AREAA's members face discrimination and economic losses, *id*. ¶¶ 18–20, 234–248; and Plaintiff King Realty Advisors LLC has lost business as a result of SB 264, *id*. ¶ 21, 249–252.

Plaintiffs will also be tactically disadvantaged by an indefinite delay in the start of discovery and, therefore, trial. The longer Plaintiffs must wait before the start of discovery the more that witnesses' memories will fade and the more likely it is that evidence will disappear or otherwise become unavailable. *Whitaker v. Miami-Dade Cty.*, No. 13-24450-CIV, 2014 U.S. Dist. LEXIS 189246, at *9 (S.D. Fla. Apr. 23, 2014) (stay pending resolution of criminal proceedings would prejudice plaintiffs ability to conduct discovery due to "fading memories and the disappearance of evidence"); *Garmendiz*, 2017 WL 3208621 at *2 (noting the potential undue prejudice caused by the "risk of evidence being lost or destroyed and the potential for witnesses' memories to fade"). The *eventual* availability of discovery does not eliminate that prejudice.

Defendants' objection that Plaintiffs have yet to file a motion for a preliminary injunction is irrelevant. Many courts have rejected this as a consideration entirely. *See, e.g.*, *VPR Brands LP v. Jupiter Rsch. LLC*, No. CV-20-02185-PHX-DJH, 2022 WL 2018483, at *4 (D. Ariz. May 5, 2022) ("At the outset, the Court rejects Defendant's argument that Plaintiff will not suffer prejudicial harm from a stay because Plaintiff did not request a preliminary injunction."); *Wonderland Nursery Goods Co. v. Baby Trend, Inc.*, No. EDCV 14-01153-VAP, 2015 WL 1809309, at *4 (C.D. Cal. Apr. 20, 2015) (similar). Even those courts that have considered it have

17

noted that it is "not dispositive." *E.g.*, *GoPro, Inc. v. C&A Mktg., Inc.*, No. 16-cv-03590, 2017 WL 2591268, at *6 (N.D. Cal. June 15, 2017).

      2.     *A Stay Will Not Simplify or Clarify Issues Relevant to this Case*

The stay Defendants seek would not "simplify" or "clarify the issues" because "the issues" are starkly different and the few that are similar will not be resolved by the Eleventh Circuit appeal. The Eleventh Circuit appeal in *Shen* is from the denial of a preliminary injunction; as a result, no matter what the outcome, the Eleventh Circuit will not resolve any challenge to SB 264 with finality. Awaiting any final decision from the district court, the Eleventh Circuit, and any subsequent proceedings would involve years of delay.

Even a preliminary decision from the Eleventh Circuit would provide limited, if any, guidance. As detailed above, this case and *Shen* involve distinct legal claims. *See supra* at 6. Plaintiffs here have asserted intentional discrimination and disparate impact claims arising under the FHA and two claims arising under the state constitution. Dkt. No. 1 ¶¶ 253–283. Among those claims is a violation of the right to property, which is wholly independent of any finding about the discriminatory nature of SB 264. *Id*. ¶¶ 279–283.

By contrast, the sole claim relevant here that the *Shen* plaintiffs asserted is a disparate treatment violation of the FHA. *See Shen v. Simpson*, 687 F. Supp. 3d 1219, 1244 (N.D. Fla. 2023) (noting plaintiffs raised disparate impact theory only in footnote which court "decline[d] to address"). They asserted no state constitutional claims, and none of the other *Shen* claims overlap with the claims here. Accordingly, at most, the Eleventh Circuit may address a disparate treatment challenge to SB 264, but it is doubtful that *any* of the FHA claims will be addressed by the Eleventh Circuit: neither district court's order, *see generally id.*, nor the Eleventh Circuit's decision granting a partial preliminary injunction pending appeal, nor the concurring opinion discussed the FHA

even in passing, *see generally Shen v. Commissioner*, No. 23-12737, 2024 U.S. App. LEXIS 2346 (11th Cir. Feb. 1, 2024). For example, the Eleventh Circuit granted a partial preliminary injunction pending appeal based entirely on preemption and applicable only to two individual plaintiffs, further demonstrating the crucial distinction between the *Shen* plaintiffs and Plaintiffs here. Nonetheless, even if the Eleventh Circuit took up the intentional discrimination claim under the FHA, its reasoning would be based on distinct factual allegations and would not consider the disparate impact claims as pled by plaintiffs in this case.

3.      *A Stay Will Not Serve Judicial Economy*

A stay would not reduce the burden on the parties or serve judicial economy. Delaying the case until a decision in *Shen* will not reduce the complexity or numerosity of legal issues because the legal issues in this case and those in *Shen* are distinct and will not necessarily be resolved by the Eleventh Circuit. *Supra* at 5–8. Further, as noted above, the parties are also distinct, such that the appeal will likely not reduce the complexity of the case by reducing the number of litigants.[5]

4.      *A Decision in* Shen *Will Not Be Controlling of the Issues Raised in this Matter*

For the reasons addressed above, the *Shen* appeal will not "have a substantial or controlling effect on the claims and issues" here: the inclusion of distinct parties, differing factual allegations, and separate legal claims means that the Eleventh Circuit's future decision in *Shen* is unlikely to govern the instant case. *Miccosukee Tribe of Indians*, 559 F.3d at 1198.

5.      *The Stay Defendants Seek is of an Indeterminate Length*

Defendants seek a stay until the Eleventh Circuit issues an opinion in *Shen*. The parties and

---

[5] For the same reason, a stay would not promote "judicial comity," Motion to Transfer at 19, which itself is concerned with "avoid[ing] duplication of judicial resources and conflicting decisions." *Allstate Ins. Co.*, 9 F. Supp. 2d 1314, 1316. There is no such risk here, given the differing parties, facts, and issues.

court have no way to determine when that will occur. As a result, the stay sought is immoderate and improper. *Trujillo v. Conover & Co. Communs., Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000) ("The scope of the stay ordered by the district court seems indefinite. The stay, by its own terms, remain in effect until the 'Bahamian Courts conclude their review.'"); *see also Am. Manuf. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.*, 743 F.3d 1519, 1524 (11th Cir. 1984) (stay of federal case pending conclusion of state court proceedings with no set trial date deemed "indefinite"). Staying this case will "require Plaintiff[s] to stand aside for an indefinite period of time," first waiting for the Eleventh Circuit to make its ruling, a possible en banc review, and even a Supreme Court review. *Yardley v. Ocwen Loan Servicing, LLC*, No. 8:16-cv-1385-T-30AEP, 2017 U.S. Dist. LEXIS 86798, at *4 (M.D. Fla. Mar. 29, 2017). And, given the posture of the Eleventh Circuit appeal being a review of a preliminary injunction decision, a final ruling in *Shen* on the limited overlapping issues is necessarily years in the future.

\* \* \*

The factors relevant to determining whether a stay is proper in this case all compel the conclusion that the matter should proceed without awaiting the Eleventh Circuit's decision in the dissimilar—in parties and substance—*Shen* case.

**IV.    Conclusion**

For the above-stated reasons, Defendants' motion for a transfer under the first-filed rule and pursuant to § 1404(a) as well as their alternative motion for a stay should be denied.

Dated: July 11, 2024                    Respectfully submitted,


                                        /s/ *J. Courtney Cunningham*
                                        J. Courtney Cunningham
                                        J. Courtney Cunningham, PLLC
                                        Florida Bar No. 628166
                                        8950 SW 74th Ct, Suite 2201
                                        Miami, FL, 33156
                                        Tel: (305) 351-2014
                                        Email: cc@cunninghampllc.com

                                        Reed Colfax (admitted *pro hac vice*)
                                        Yiyang Wu (admitted *pro hac vice*)
                                        Zoila Hinson (admitted *pro hac vice*)
                                        Relman Colfax, PLLC
                                        1225 19th St., N.W., Suite 600
                                        Washington, D.C. 20036
                                        Tel: 202-728-1888
                                        Fax: 202-728-0848
                                        Email: rcolfax@relmanlaw.com
                                        ywu@relmanlaw.com
                                        zhinson@relmanlaw.com

                                        Noah Baron (admitted *pro hac vice*)
                                        Shalaka Phadnis (admitted *pro hac vice*)
                                        Niyati Shah (admitted *pro hac vice*)
                                        Asian Americans Advancing Justice
                                        1620 L St NW Ste 1050,
                                        Washington, DC, 20036
                                        Tel: (202) 296-2300
                                        Email: nbaron@advancingjustice-aajc.org
                                        sphadnis@advancingjustice-aajc.org
                                        nshah@advancingjustice-aajc.org

                                        Scott Chang (admitted *pro hac vice*)
                                        National Fair Housing Alliance
                                        1331 Pennsylvania Ave., N.W., #650
                                        Washington, DC 20004
                                        Tel: 202-898-1661
                                        Email: schang@nationalfairhousing.org

                                        *Attorneys for Plaintiffs*

**NFHA, et al v. Kelly et al**
**Case No. 24-cv-21749-DPG**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 11, 2024, an electronic copy of Plaintiffs' Brief in

Opposition to Defendants' Motion to Transfer, or in the Alternative, To Stay Pending Related

Eleventh Circuit Appeal was filed with the Clerk of Court using the CM/ECF system which will

send notice of electronic filing to all parties and Counsel of record.

By: <u>/s/ Juan Courtney Cunningham</u>
Juan Courtney Cunningham, Esq.
Florida Bar No.: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
T: 305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*COUNSEL FOR PLAINTIFF*