**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA MIAMI DIVISION**

HOUSING OPPORTUNITES PROJECT FOR EXCELLENCE, INC., et al.,

*Plaintiffs*,

v.

J. Alex KELLY, in his official capacity as Secretary of Commerce, et al.,

*Defendants*.

No. 1:24-cv-21749-DPG

**STATE DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON STATE DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

The State Defendants—the Secretary of the Florida Department of Commerce and the Chair of the Florida Real Estate Commission—respectfully object to the portion of the Magistrate Judge's Report and Recommendation ("R&R") that addresses traceability and redressability for purposes of Article III standing. The State Defendants agree, of course, with the Magistrate Judge's determination that Plaintiffs have failed to allege adequate injury of fact and therefore lack Article III standing to bring this complaint. The State Defendants disagree only with the Magistrate Judge's conclusion that Plaintiffs' injury, if it were sufficient to constitute injury in fact, would be traceable to and redressable by the State Defendants. The Magistrate did not need to reach this issue, and she should not have decided it the way she did, because the causal link between the Plaintiffs' alleged injuries and any action of the State Defendants in enforcing SB 264 is severed by the acts of numerous third parties, including federal officials, real estate agents, title attorneys, and potential buyers. Even if Plaintiffs were able to plead adequate injury in fact, they would still lack Article III standing because they cannot show traceability or redressability.

**BACKGROUND**

The Florida law at issue in this case, ch. 2023-33, Fla. Laws (SB 264), restricts the purchase of land by China and six other "foreign countries of concern" with a track record of hostility to the United States. The purpose of the law is to protect sensitive information and infrastructure facilities in Florida. To prevent circumvention, SB 264 also restricts land purchase by principals of those foreign countries, defined to include people with an exploitable relationship to those foreign countries of concern. One such category is individuals domiciled in those countries who are not citizens or lawful permanent residents of the United States.

SB 264 draws no distinctions based on anybody's country of birth. Plaintiffs nevertheless contend, in four counts, that SB 264 discriminates based on national origin in violation of the Fair Housing Act (FHA). The State Defendants moved to dismiss the complaint on three grounds. Dkt. 106.

The first of these grounds, and the only one addressed by the Magistrate Judge in her R&R, is that Plaintiffs lack standing.[1]

The two housing-rights advocacy organizations—the Housing Opportunities Project for Excellence, Inc. (HOPE) and the Fair Housing Center of the Greater Palm Beaches (FHCGPB)—lack standing because their only claims of injury were expenditure of funds to work against SB 264. *See FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 394 (2024) ("an organization . . . cannot spend its way into standing").

[1] The State Defendants maintain that Plaintiffs' complaint should be dismissed on the other two grounds as well: because Plaintiffs lack a cause of action under the FHA; and because SB 264 does not discriminate on the basis of national origin and does not violate the FHA. *See* Dkt. 106 at 13–26.

The Asian Real Estate Association of America (AREAA) and the real-estate firm (King Realty) lack standing because their two alleged injuries—FHA liability and lost profits—are insufficiently concrete and neither traceable to nor redressable by the State Defendants. If the State Defendants did everything in their power to enforce SB 264, AREAA and King Realty still would not incur FHA liability or lost profits absent independent decisions by a number of third parties—including federal regulators, real estate agents, title attorneys, and potential buyers.

Finally, the individual plaintiff (Jin Bian) lacks standing, because he has no concrete plans to purchase any property that SB 264 would block. Indeed, he is not even subject to SB 264 because by his own allegations he is not domiciled in China.

The parties fully briefed the motion and presented argument at a hearing before the Magistrate Judge. Dkt. 142 at 1. They followed up with supplemental briefing. *Id.* The Magistrate Judge then issued her Report and Recommendation that this Court grant the State Defendants' motion to dismiss. Dkt. 142. In her R&R, she agreed with the State Defendants that no plaintiff had "alleged sufficient facts to satisfy their burden to show an[] injury in fact." *Id.* at 15.

First, the Magistrate Judge agreed with the State Defendants that Jin Bian was in fact "domiciled in Florida" and therefore "not subject to SB 264." *Id.* at 7. He also did not allege "current or concrete future plans to purchase real property in the state or engage in conduct proscribed" by SB 264. *Id.* at 8.

Second, the Magistrate Judge agreed that AREAA and King Realty had failed to allege facts showing that their potential buyers in supposedly lost sales were "domiciled in China, foreign principals, or otherwise subject to SB 264's purchase restrictions." *Id.* at 9–10. For the association of real-estate brokers, the Magistrate also found that allegations regarding lost sales failed to describe "the size of the land, or where the land in question was located," which could be relevant to

the two-acre residential real property exception and to whether the land was subject to SB 264 at all. *Id*. at 10.

Third, the Magistrate Judge agreed that HOPE and FHCGPB's alleged injury of diversion of resources was not sufficient because "an organization cannot 'spend its way into standing by expending money to gather information and advocate against the [defendants'] action.'" *Id*. at 13 (quoting *FDA*, 602 U.S. at 370). Even if they did divert resources to oppose SB 264, that diversion was insufficient to constitute injury in fact because "those efforts appeared to advance, rather than impair, the plaintiff[s'] mission of eradicating housing discrimination." Dkt. 142 at 13–15 (citing *La. Fair Hous. Action Ctr., Inc. v. Azalea Garden Props., LLC*, 82 F.4th 345, 352 (5th Cir. 2023); *Conn. Fair Housing Ctr. v. CoreLogic Rental Property Solutions*, 167 F.4th 605, 618 (2d Cir. 2026)).

The only part of the Magistrate Judge's R&R with which the State Defendants disagree is the last one: her conclusion that if AREAA and King Realty had managed to allege adequate injury in fact, their injury would be traceable to and redressable by the State Defendants. Dkt. 142 at 15.

## LEGAL STANDARD

This Court reviews de novo a magistrate judge's disposition to which a party properly objects. Fed. R. Civ. P. 72(b)(2).

## ARGUMENT

The Magistrate Judge concluded that "Plaintiffs have satisfied their burden as to the final two requirements for standing": traceability and redressability. Her reasoning to support this conclusion consists of a single sentence: "If Plaintiffs prevail in this lawsuit, which seeks a permanent injunction, the state officials would be enjoined from enforcing SB 264's provisions, which would remedy Plaintiffs' alleged injuries." Dkt. 142 at 15. This conclusion ignores the nature of the

injuries alleged and assumes, without explanation, that they are traceable to the State Defendants in the first place. They are not.

AREAA and King Realty claim two types of injuries: (1) exposure to FHA liability; and (2) lost sales due to compliance with SB 264. But both of these alleged injuries "require guesswork as to how independent decisionmakers will exercise their judgment." *Murthy v. Missouri*, 603 U.S. 43, 57 (2024) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 413 (2013)). In such circumstances, a plaintiff can show neither traceability nor redressability. *See City of South Miami v. Governor of Fla.*, 65 F.4th 631, 640 (11th Cir. 2023) (no standing where injuries traceable to "absent third parties"); *Walters v. Fast AC, LLC*, 60 F.4th 642, 650–51 (11th Cir. 2023) (no traceability where injury was from "independent source").

To explain: AREAA claims first that "SB 264 exposes AREAA members to legal liability and the threat of criminal punishment by requiring them to choose between acting in ways that violate the Fair Housing Act or facing criminal prosecution under SB 264." Dkt. 89 ¶ 255. King Realty similarly claims that its owner "has had to turn away several prospective Chinese buyers over fear of how the law will impact them and him." Dkt. 89 ¶ 264. But for an AREAA member or King Realty to face legal liability under the FHA, federal regulators or individual buyers would need to treat their decision to comply with SB 264 as a violation of the FHA. In other words, the U.S. Attorney General, the U.S. Department of Housing and Urban Development, or an individual buyer would have to share Plaintiffs' fanciful view that SB 264 conflicts with the FHA. They then would have be motivated to sue AREAA's members or King Realty for complying with SB 264. Dkt. 89 ¶¶ 256–58. These "independent decisionmakers" sever the traceability and redressability link between the State Defendants and any injury suffered by AREAA or King Realty as a result of FHA liability. *Murthy*, 603 U.S. at 57; *see also Allen v. Wright*, 468 U.S. 737, 759 (1984)

(involvement of "numerous third parties" renders the "chain of causation" too weak to support standing). The Magistrate Judge did not even mention these independent causes in concluding that Plaintiffs had shown traceability and redressability.

AREAA and King Realty similarly blame sales they supposedly have lost on the State Defendants' enforcement of SB 264. The Magistrate Judge correctly found that AREAA and King Realty had failed to allege facts showing that these alleged lost sales involved buyers domiciled in China. Dkt. 142 at 9–10. But what she overlooked was that, if even the discouraged buyers were Chinese domiciliaries, AREAA and King Realty still have not shown that they lost those sales due to enforcement of SB 264 instead of the independent action of third parties. AREAA and King Realty could have lost sales because of any number of factors having nothing to do with SB 264: interest-rate fluctuations, market conditions, currency controls in China, real-estate prices, misapplication of the statute, or media propaganda. *See, e.g.*, Patrick Toomey & Clay Zhu, *Florida Really Just Banned Chinese Immigrants from Owning Property. We're Suing*, Time (June 21, 2023, 6:00 AM), https://time.com/6288638/florida-ban-chinese-immigrants-owning-property-suing/ (misportraying the statute as "singl[ing] out people from China"). The Magistrate Judge made no mention of these independent causes.

Indeed, King Realty alleged that it was unable to complete one sale because a third party—an attorney for a title company—believed that SB 264 "created too much of a risk in selling to . . . a Chinese citizen." Dkt. 89 ¶ 263. But SB 264 does not prevent sales to Chinese citizens, only Chinese domiciliaries. It is clear from this account that the attorney's misinterpretation of the statute is what prevented the sale, not enforcement action by the State Defendants. *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1253 (11th Cir. 2020) ("independent action of some third party not before the court" renders an injury no longer "fairly traceable to the challenged action of the

defendant") (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). The Magistrate Judge again did not account for these "unfettered choices made by independent actors not before the courts" in concluding that an injunction preventing the State Defendants from enforcing SB 264 would remedy Plaintiffs' alleged injuries. *FDA*, 602 U.S. at 383 (quoting *Clapper*, 568 U.S. at 415 n.5).

## CONCLUSION

For the foregoing reasons, the State Defendants ask that this Court accept the Magistrate Judge's recommended finding that Plaintiffs have not alleged sufficient injury in fact, but not her recommended finding that Plaintiffs have adequately alleged traceability and redressability.

October 2, 2026

Respectfully submitted,

JAMES UTHMEIER
*Attorney General*

DAVID M.S. DEWHIRST
*Solicitor General*

*/s/ Nathan A. Forrester*
NATHAN A. FORRESTER (FBN 1045107)
*Chief Deputy Solicitor General*

VINCENT H. LI
*Deputy Solicitor General*

Office of the Florida
Attorney General
PL-01, The Capitol
Tallahassee, FL 32399
nathan.forrester@myfloridalegal.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of October, 2026, a true and correct copy of foregoing was filed with the Court's CM/ECF system, which will provide service to all parties.

*/s/ Nathan A. Forrester*
Nathan A. Forrester (FBN 1045107)
Chief Deputy Solicitor General